**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:George H. Hamlin | : CHAPTER 13 |
| xxx-xx-3605 | : CASE NO. 15-12724-SR |
| 1118 Willow Street | : |
| Norristown, PA 19401 | : HEARING DATE: 7/22/2015 |
| | : TIME: 10:00 A.M. |
| | : LOCATION: COURT ROOM No. 4 |
| Debtor | : United States Bankruptcy Ct. |
| | : 900 Market St., 2nd Floor |
| | : Philadelphia, PA 19107 |

**OBJECTION TO ALLOWANCE OF CLAIM**

George H. Hamlin, the above-captioned debtor, by and through his attorney, Michael W. Gallagher, Esquire, does hereby object to the allowance of the claim of Toyota Motor Credit Corporation in the amount of $12,542.12 (claim no. 2 on the claims register of this case), upon the following grounds:

1. The proof of claim asserts an interest rate of 6.25%. A copy of the claim is attached hereto, incorporated herein, and marked as Exhibit "A".

2. Under the holding of the U.S. Supreme Court in the matter of <u>Till v. SCS Credit Corp</u>., (<u>In re Till</u>), 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed. 2d 787 (2004), the applicable interest rate can and should be modified from the original contract rate to a significantly lower rate, based on stated public interest rates.

3. The holding in <u>Till</u> was not abrogated by the passage of BAPCPA in 2005. <u>In re Fleming</u>, 339 B.R. 716 (Bankr. E.D. Missouri 2006); <u>In re Phillips</u>, 362 B.R. 284 (Bankr. E.D.Va., 2007).

4. In describing an appropriate rate or rates of interest, the Court started with the U.S. Prime Rate, and advised adding some additional amount which is not prescribed in the Till decision,. "We do not decide the proper scale of risk adjustment

as the issue is not before us." Till, at 480. The current Wall Street Journal Prime Rate is 3.25%.

    5. The Court did observe that the risk of failure of a confirmed Chapter 13 Plan was relatively low. "It is sufficient for our purposes to note that, under 11 U.S.C. §1325(a)(6), a court may not approve a plan unless...the judge is persuaded that 'the debtor will be able to make all payments under the Plan and to comply with the plan." Till, at 480. As such, ½ of one percent should be sufficient additional interest in this case, for a total interest rate of 3.75% per annum.

    6. In the alternative, there is a minority view that with the passage of BAPCPA, a secured creditor may not be entitled to any interest. In re Wampler, 345 B.R. 730 (Bankr.D.Kan. 2006). Further, there is support for the belief that the cramdown rate should be the prime rate, period. "Indeed, as JUSTICE THOMAS demonstrates,...the text of §1325(a)(5) (B)(ii) may be read to support the conclusion that Congress did not intend the cramdown rate to include any compensation for the risk of default." Till, at 483.

    7. Under either view, the respondent is not entitled to the 6.25% interest it demands, but is only entitled to a lesser rate, or none at all.

WHEREFORE, Debtor respectfully prays that your Honorable Court grant Debtor's Objection, and modify Respondent's Proof of

Claim lowering the interest rate to a rate not greater than 3.75%.

        Respectfully submitted,

/s/ Michael W. Gallagher
Michael W. Gallagher, Esquire
401 West Johnson Highway
Suite 4
East Norriton, PA 19401
(484)679-1488
(610)365-7919 Fax
Attorney for Movant/Debtor